FILED
United States Court of Appeals
Tenth Circuit

**March 3, 2010**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ELIZABETH BIERLY, in the interest
of Jordan Bierly and Leigh Bierly
(minors under the age of 18 years),

Plaintiff - Appellant,

v.

MARK HIRATA, Assistant U.S.
Attorney; MARK L. SHURTLEFF,
Utah Attorney General; PAUL
AMMAN, Assistant Attorney General;
LIZ KNIGHT, Guardian ad Litem;
OLOF A. JOHANSSON, Judge, Third
District Juvenile Court; RICHARD
ANDERSON, Director of Utah
Division of Child and Family
Services; CAROLYN THOMAS, Utah
Department of Child and Family
Services; PATTY VAN WAGONER,
Utah Department of Child and Family
Services; BARRY RICHARDS, Utah
Department of Child and Family
Services; DANA HARDIN, M.D.;
(FNU) ARGUETT, Officer, Midvale
Police Department; (FNU) JARVIS,
Officer, Midvale Police Department,

Defendants - Appellees.

No. 09-4192

(D. Utah)

(D.C. No. 08-CV-00948-TC)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,

(continued...)

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff and appellant, Elizabeth Bierly, appearing *pro se*, appeals the dismissal of her complaint against the defendants, various state officials, alleging civil rights and RICO violations based on the defendants' alleged actions in taking custody of Ms. Bierly's two minor children.  The district court dismissed Ms. Bierly's complaint because the claims were untimely, they were barred by several immunities, and they otherwise failed to state a cognizable claim.  We affirm.

The relevant facts are, briefly, as follows:  On September 2, 2000, the Division of Child and Family Services ("DCFS") took Ms. Bierly's son, J.B, into protective custody based upon concerns by J.B.'s doctor that Ms. Bierly was not

[*](...continued)
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

-2-

properly caring for J.B.'s diabetes. On October 11, 2000, DCFS placed J.B.'s sister, L.B., into protective custody as a sibling at risk.

At a juvenile court shelter hearing, state juvenile judge (and defendant) Olof Johansson found that DCFS's initial placement of the children into protective custody was necessary and appropriate. The juvenile court further found that J.B. needed immediate medical care and that L.B. was a sibling at risk, and it ordered the children be kept in DCFS's custody.

In November 2000, the juvenile court conducted a trial and ordered that J.B. remain in DCFS's custody and that L.B. be returned to Ms. Bierly's custody, with DCFS providing protective services. However, in May 2001, the juvenile court ordered that L.B. be taken from Ms. Bierly's custody and returned to DCFS custody. The children's guardian ad litem, defendant Elizabeth Knight, filed a petition to terminate Ms. Bierly's parental rights.

After a trial in July 2001, the juvenile court terminated Ms. Bierly's parental rights. The Utah Court of appeals affirmed the decision. State ex rel. J.B., 2003 UT App. 351, 2003 WL 22362236 (Utah Ct. App. 2003) (unpublished).

On December 8, 2008, Ms. Bierly filed a civil rights complaint and applied to the court for leave to proceed *in forma pauperis*. A magistrate judge granted the *ifp* motion. Ms. Bierly then filed an amended complaint, in which she named Utah Attorney General Mark Shurtleff and other state employees, including a state court juvenile judge (Judge Johansson), an assistant Utah attorney general, a

guardian ad litem (Elizabeth Knight), the former director of the DCFS, and other DCFS workers as defendants, and stated causes of action based upon 42 U.S.C. §§ 1983, 1985(2) and (3), 1986, and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

The state defendants, including Attorney General Shurtleff, filed a motion to quash the purported service of process on them together with a supporting memorandum. The other defendants filed separate motions to dismiss the amended complaint and supporting memoranda. Ms. Bierly opposed the motions.

The matter was referred to a magistrate judge, who issued a report recommending that Ms. Bierly's amended complaint be dismissed because it failed to state a claim upon which relief could be granted. Ms. Bierly filed objections to the report. The district court adopted the magistrate judge's recommendation and dismissed Ms. Bierly's complaint with prejudice. This *pro se* appeal followed, in which Ms. Bierly launches a disjointed and disorganized attack on the district court judge and the other defendants. Certain of the defendants/appellees have filed a motion to strike Ms. Bierly's opening brief on the ground that it failed to comply with even the most basic requirements of the federal rules of appellate procedure.

As the district court noted, the magistrate judge to whom this matter was referred issued a very thorough report and recommendation, recommending that this case be dismissed under 28 U.S.C. § 1915. The district court also reviewed

Ms. Bierly's objections to the report and recommendation. The court adopted the report and recommendation and held that Ms. Bierly's "complaint is frivolous and fails to state a claim upon which relief may be granted," Order at 2-3, R. Vol. 1 at 354-55, and it should be dismissed with prejudice under § 1915(e). We agree with the district court, for substantially the same reasons stated by the magistrate judge in its report and recommendation, as subsequently adopted by the district court. We accordingly affirm the district court's dismissal.[1]

For the foregoing reasons, the decision of the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]While Ms. Bierly's brief is indeed rambling, disorganized and nearly incoherent in places, we decline to strike it.